IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-66,977-02






EX PARTE FRANK MARTINEZ GARCIA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NO. 2001-CR-4925 FROM THE


290TH JUDICIAL DISTRICT COURT OF BEXAR COUNTY





 Price, J., filed a dissenting statement in which Womack and Johnson, JJ.,
joined.


DISSENTING STATEMENT



 In this subsequent post-conviction application for writ of habeas corpus brought under
the auspices of Article 11.071, Section 5(a), (1) the applicant raises two claims that were also
raised--at least nominally--in his initial writ application. He now claims that he cannot be
lawfully executed because of his mental retardation, and because his trial counsel rendered
ineffective assistance of counsel at the punishment phase of his capital murder trial in failing
to conduct a meaningful investigation into mitigating evidence. Today the Court dismisses
both claims because they were raised and rejected in the initial writ application and thus
cannot be entertained in a subsequent writ application. I cannot abide this disposition.

 Although each claim may indeed have been included in the initial post-conviction writ
application that was filed by applicant's initial state habeas counsel, (2) applicant's subsequent
habeas counsel has now proffered substantial evidence to show that initial state habeas
counsel failed to conduct any meaningful investigation into those claims. Therefore, when
the convicting court conducted a hearing on the initial writ, initial state habeas counsel was
unprepared to meet his burden to show, by a preponderance of the evidence, either that the
applicant is mentally retarded, or that his trial counsel provided deficient assistance of
counsel at the punishment phase of his capital murder trial. The applicant's subsequent
habeas counsel also proffers substantial evidence to show that, had initial state habeas
counsel conducted an investigation, he could have produced a more than colorable claim,
both that the applicant is mentally retarded, and that there was substantial mitigating evidence
that could have been brought out before the jury at the punishment phase of trial, had trial
counsel conducted an adequate mitigation investigation. The applicant now argues that the
ineffectiveness of his initial state habeas counsel's assistance in demonstrating both his
mental retardation and the ineffectiveness of his trial counsel at the punishment phase should
count as justification for allowing him to pursue those claims in his subsequent writ
application. Alternatively, he argues that this Court should at least stay his execution
pending resolution of litigation currently pending in the United States Supreme Court that
may shed substantial light on this question.

 I agree. On October 4th of this year, a little more than three weeks ago, the United
States Supreme Court heard oral argument in Martinez v. Ryan. (3) Since granting review in
Martinez, the Supreme Court has stayed the execution of several condemned Texas inmates
who argued, as does the applicant today, that the ineffectiveness of initial state habeas
counsel with respect to an issue that may be raised for the first time only in a post-conviction
application for writ of habeas corpus proceeding ought to justify allowing the inmate to raise
that issue for the first time in a subsequent writ application. (4) I do not know whether the
Supreme Court might once again stay the applicant's execution in light of Martinez,
Balentine, and Foster, but I do not think that this Court ought to tolerate allowing any
execution of the applicant to proceed without knowing how the Supreme Court will
ultimately dispose of the issues raised in those cases. For reasons already expressed in my
dissenting statements in Ex parte Foster, (5) Ex parte Balentine, (6) and the second Ex parte
Foster, (7) and because this Court refuses even to grant the applicant's motion for stay of
execution pending the Supreme Court's dispositions of Martinez, Balentine, and Foster, I am
once again compelled to dissent.


FILED: October 27, 2011

DO NOT PUBLISH
1. Tex Code Crim. Proc. art. 11.071, § 5(a).
2. There is apparently some question whether the mental retardation claim was actually raised
on the merits in the initial state habeas writ application. See Garcia v. Thaler, No. SA-08-CA-62-XR, 2009 WL 4931069, slip op. at *5 (W.D. Tex.) (although caption in initial state habeas
application nominally argues ineffective assistance of trial counsel for failing to raise a claim of
mental retardation, the actual argument and authorities clearly embraced the substantive mental
retardation claim). It is clear that initial state habeas counsel was provided an opportunity to prove
the applicant's mental retardation at a hearing on the initial state writ application, and failed to do
so. Id. Whether or not the applicant actually raised the mental retardation claim in his initial writ
application does not affect my view of matters. Even if he did not raise it, I would stay his imminent
execution for further consideration of whether initial state habeas counsel's ineffectiveness, if any,
in failing to investigate mental retardation should authorize the applicant to raise mental retardation
in a subsequent writ application. See text, post.
3. 131 S.Ct. 2960 (2011).
4. See Balentine v. Texas, 131 S.Ct. 3017 (2011); Foster v. Texas, __ S.Ct. __, 2011 WL
4360018 (2011).
5. 2010 WL 5600129, WR-65,799-02 (Tex. Crim. App. delivered Dec. 30, 2010) (not
designated for publication) (Dissenting Statement of Price, J., joined by Holcomb, J.).
6. WR-54,071-03 (Tex. Crim. App. delivered June 14, 2011) (not designated for publication)
(Dissenting Statement of Price, J., joined by Johnson & Alcala, JJ.).
7. 2011 WL 4071983, WR-65,799-03 (Tex. Crim. App. delivered Sept. 12, 2011 (not
designated for publication) (Dissenting Statement of Price, J., joined by Womack, J.).